

**FILED**
**DEC 27 2016**
DAVID CREWS, CLERK
BY _____ Deputy

## IN THE DISTRICT COURT OF THE UNITED STATES

## NORTHERN DISTRICT OF MISSISSIPPI

**BRANDY DEGARIS; and, JANE DOE PLAINTIFFS 1-12**     **PLAINTIFFS**

**VERSUS**     CAUSE NO. 1:16CV239-MPM-RP

**MONROE COUNTY, MISSISSIPPI,**     **DEFENDANTS**
**MONROE COUNTY SHERIFF'S DEPARTMENT,**
**SHERIFF CECIL CANTRELL, in his official capacity,**
**DEPUTY JAMES DOYLE ADAMS ; and,**
**JOHN DOE DEFENDANTS 1-12**

## COMPLAINT

**COMES NOW** the Plaintiff, by and through her attorney, and file her Complaint against the above named Defendants, do state as follows:

### JURISDICTION AND VENUE

1. That the court has jurisdiction over the parties and the subject matter of this action.

2. That venue is proper in this forum.

3. That all claims for relief set forth in this complaint arise from a common nucleus of operative facts.

4. That this entire action constitutes a single case which should be heard in a single judicial proceeding.

## PARTIES

5. The Plaintiff, Brandy Degaris, is an adult resident of Lowndes County, Mississippi;

6. The Plaintiffs, Jane Doe 1-12 are other female detainees at the Monroe County Detention Center who were sexually assaulted and/or approached by Deputies while working in their official capacity as employees of Monroe County, Mississippi. These persons full names are not known at this time to the Plaintiff, however will be obtained through discovery;

7. That the Defendant, Monroe County, Mississippi may be served by serving the president or clerk of the Board of Supervisors;

8. That the Defendant, Monroe County Sheriff's Department is a department of Monroe County, Mississippi and may be served with process by serving the president or clerk of the Board of Supervisors;

9. That the Defendant, Cecil Cantrell, in his official capacity as Sheriff of Monroe County, Mississippi, and may be served with process by personal service;

10. That Deputy James Doyle Adams was a law enforcement officer and was assigned to the Monroe County Detention Center and may be served by personal service

11. That John Doe Defendants 1-12 are defendants who are at this time unknown to the plaintiff;

## FACTS

12. That Brandy Degaris (hereinafter referred to as "Brandy") was living in Monroe County, Mississippi and she was charged with aggravated assault and armed robbery regarding a shooting and alleged robbery of Gaither Roebuck on or about September 25, 2013;

13. Upon being arrested, Brandy was placed in the Monroe County Detention Center and was held there until an initial appearance could be had;

14. At the initial appearance the Justice Court Judge set her bond at $100,000 cash only;

15. Brandy was without funds to post such an unreasonable bond and as a result, she remained in jail for three (3) years until her trial in October of 2016;

16. Upon trial of the matter, a jury of her peers found her not guilty of both charges;

17. While in jail, she was approached on or about December 24, 2013 by Defendant John Doyle Adams and she did have sexual relations with him. At the time, he was working in his official capacity in the Monroe County Detention Center;

18. At the time, Brandy was an inmate incarcerated at the Monroe County Detention Center and she was not in a position to consent to this encounter and as a result, Defendant John Doyle Adams was prosecuted and convicted of sexual battery of an inmate and is now required to register as a sex offender;

19. Brandy has had emotional problems in the past and as a result of this hopeless situation and the emotional distress she was experiencing, she attempted on multiple times to commit suicide;

20. While incarcerated at the Monroe County Detention Center, Brandy heard from at least two (2) other women who were harassed and/or sexually assaulted while incarcerated at the Monroe County Detention Center;

## FIRST CLAIM FOR RELIEF

## (CIVIL RIGHTS VIOLATION UNDER 42 USC, SECTION 1983)

21. That the Plaintiff hereby incorporates by reference paragraphs 1 through 20 above as though fully set forth herein.

22. That the defendants' actions constitute a willful and knowing violation and depravation of rights secured by the Constitution of the United States in violation of 42 USC, Section 1983, the 4th, 8th and 14th Amendments; specifically, the right to be free from excessive and unreasonable police action; the right to be free from assault and battery; the right to be secure against unreasonable searches and seizures; the right to be free from unwanted sexual advances by deputies in positions of power; the right to a reasonable bail. That these constitutional violations were committed as a result of the policies and customs of the Monroe County Sheriff's Department and Monroe County, Mississippi ;

23. That the defendants, Monroe County, Mississippi, and Monroe County Sheriff's Department are required to supervise the actions of their officers.

24. That the defendant, Monroe County, Mississippi and Monroe County Sheriff's Department are required to adequately train their officers and to implement policies and customs that protect inmates incarcerated in the Monroe County Detention Center.

25. That the defendants, created an unreasonable risk of harm to the Plaintiffs for failing to adequately train and supervise their employees.

26. Acting under color of law and pursuant to official policy or custom, Monroe County, Mississippi, Sheriff Cecil Cantrell and Monroe County, Sheriff's Department knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis Defendant John Doyle Adams in his duties to refrain from:
(a) unlawfully and maliciously harassing a citizen who was acting in accordance with her constitutional and statutory rights, privileges, and immunities,

(b) unlawfully and maliciously sexually assaulting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,
(c) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws Mississippi and setting an unreasonable bail; and
(d) otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

27. That the acts of all defendants in violation of the United States Constitutional rights of the Plaintiff justify an award of reasonable fees under 42 USC, Section 1988; and, the Plaintiff is entitled to recover against all defendants for injuries, damages and losses proximately caused by their conduct as set forth in this complaint. Further, that the Plaintiffs are entitled to statutory attorneys fees pursuant to 42 USC, Section 1983 and 1988.

## SECOND CLAIM FOR RELIEF

### (ATTORNEYS FEES)

28. That the Plaintiff hereby incorporates by reference paragraphs 1 through 27 above as though fully set forth herein.

29. That the Plaintiffs are entitled to statutory attorneys fees pursuant to 42 USC, Sections 1983 and 1988.

30. That the aforementioned actions of the Defendant John Doyle Adams were as a result of gross negligence of the Defendants Monroe County, Mississippi, Sheriff Cecil Cantrell, and Monroe County Sheriff's Department and as a result of this, Brandy is entitled to Punitive Damages.

**WHEREFORE,** the Plaintiff respectfully requests a trial by jury to determine the amount of actual, compensatory and punitive damages due to the Plaintiff from the Defendants and for statutory attorneys fees pursuant to 42 USC, Sections 1983 and 1988 and such other and further relief as this Court may deem just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY**

                                        **BRANDY DEGARIS**

                                        **BY:** _____
                                        **MARK A. CLIETT, MBN 9950**
                                        **HER ATTORNEY**

STATE OF MISSISSIPPI

COUNTY OF Clay

Personally appeared before me, the undersigned authority of law in and for the County and State aforesaid, **Brandi Degaris**, who being by me first duly sworn, on her oath states that the information set forth in the foregoing Complaint are true and correct as therein stated and that all of the other allegations stated therein are true and correct as therein stated.

_____
BRANDY DEGARIS

SWORN TO AND SUBSCRIBED BEFORE ME, this the 27th day of December, 2016.

_____
Notary Public

(SEAL)



My commission expires: