IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BRANDY DEGARIS**                                                      **PLAINTIFF**

**V.**                                                       **CAUSE NO. 1:16-CV-239-SA-RP**

**MONROE COUNTY, SHERIFF CECIL CANTRELL,**
**Individually, and in his Official Capacity as**
**SHERIFF OF MONROE COUNTY and DEPUTY SHERIFF**
**CLAYTON JONES, Individually and in his Official Capacity**
**as DEPUTY SHERIFF OF MONROE COUNTY**               **DEFENDANTS**

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COME DEFENDANTS, **MONROE COUNTY, MONROE COUNTY SHERIFF'S DEPARTMENT, and SHERIFF CECIL CANTRELL,** individually and in his official capacity, by counsel, and respectfully move this Court for dismissal AND/OR judgment on the pleadings because it is clear from the face of the Plaintiff's Complaint that the applicable three-year statute of limitations has expired. Dismissal is further proper for **MONROE COUNTY SHERIFF'S DEPARTMENT** and **SHERIFF CANTRELL** in his official capacity because they are improper parties and/or unnecessary duplicate official capacity defendants.

### I. PLAINTIFF'S COMPLAINT

Foundationally, a corrections officer cannot have consensual sexual relations with an inmate.[1] Plaintiff's Complaint was dated and filed on December 27, 2016, and notes as a matter of record that she had sexual relations with Defendant Clayton Jones just over three years before filing suit.

**DOC #1, ¶17.** While in Jail she was approached on or about December 24, 2013, by

---

[1] *Miss. Code Ann.* § 97-3-104 (Sex between law-enforcement or correctional officer or employee and offender).

Defendant John Doyle Adams and she did have sexual relations with him. At the time, he was working in his official capacity in the Monroe County Detention Center;

**DOC #1, 18.** At the time, Brandy was an inmate incarcerated at the Monroe County Detention Center and she was not in a position to consent to this encounter and as a result, Defendant John Doyle Adams was prosecuted and convicted of sexual battery of an inmate and is now required to register asa sex offender;

The complaint alleges no disability or excuse and is time barred.

## II. AUTHORITY

**A.** The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). **In re Great Lakes Dredge & Dock Co.**, 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." **Cuvillier v. Sullivan**, 503 F.3d 397, 401 (5th Cir. 2007)(quoting **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 553-56 (2007)). The Complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949-50 (2009).

**B.** Section 1983 does not prescribe a statute of limitations. Instead, "[t]he statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." **Piotrowski v. City of Houston**, 237 F.3d 567, 576

(5th Cir.2001). Mississippi has a three-year general statute of limitations. See *Miss. Code Ann.* § 15–1–49 (Rev. 2012)("(1) *All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after*."). Plaintiff failed to file within that time period. Dismissal is appropriate.

  C. Dismissal of MONROE COUNTY SHERIFF'S DEPARTMENT and the official capacity claim against any individual defendants is warranted under standing precedent.[2] Should the statute of limitations argument fail to secure dismissal of any part of this claim as to MONROE COUNTY, the dismissal of such duplicate claims will simplify the litigation and otherwise have no impact on Plaintiff's ability to pursue relief.

  **NOW, THEREFORE,** these Defendants respectfully move this Court to dismiss the instant Complaint with prejudice pursuant to Rule 12(b)(6) & (c), *Fed. R. Civ. Proc.*

  **FILED** this the 3rd day of May, 2017.

              **JACKS | GRIFFITH | LUCIANO, P.A.**

            By: /s/ *Daniel J. Griffith*
              Daniel J. Griffith, MS Bar No. 8366
              Attorney for Defendants Monroe County, Monroe County Sheriffs Department and Sheriff Cecil Cantrell in his individual and official capacity as Sheriff of Monroe County

---

[2] **Estate of Manus v. Webster Cty., Miss.,** No. 1:11-CV-00149-SA-DAS, 2014 WL 1285946, at *2 (N.D. Miss. Mar. 31, 2014), rev'd in part on reconsideration, No. 1:11-CV-00149-SA-DAS, 2014 WL 2207851 (N.D. Miss. May 28, 2014), and opinion clarified, No. 1:11-CV-00149-SA-DAS, 2014 WL 3866577 (N.D. Miss. Aug. 6, 2014).

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
dgriffith@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

I, Daniel J. Griffith, attorney of record for Defendants Monroe County and Sheriff Cecil Cantrell in his individual and official capacity as Sheriff of Monroe County, do hereby certify that I have this day caused a true and correct copy of the above and foregoing ***MEMORANDUM IN SUPPORT OF MOTION TO DISMISS*** to be delivered by the ECF Filing System which gave notice to all counsel of record.

    Mark A. Cliett, MSB N 9950
    Attorney at Law
    P. O. Box 1463
    West Point, MS 39773-1463
    markacliett@gmail.com
    ***Attorney for Plaintiff***

**DATED** this 3rd day of May, 2017.

                          /s/ ***Daniel J. Griffith***
                             Daniel J. Griffith