IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**BRANDY DEGARIS**             **PLAINTIFF**

**V.**             **CAUSE NO. 1:16-CV-239-SA-RP**

**MONROE COUNTY, SHERIFF CECIL CANTRELL,**
**Individually, and in his Official Capacity as**
**SHERIFF OF MONROE COUNTY and DEPUTY SHERIFF**
**CLAYTON JONES, Individually and in his Official Capacity**
**as DEPUTY SHERIFF OF MONROE COUNTY**             **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF MOTION FOR QUALIFIED IMMUNITY

**NOW COMES DEFENDANT SHERIFF CECIL CANTRELL,** individually, by counsel, and respectfully submits these authorities in support of dismissal AND/OR judgment on the pleadings because Plaintiff's Complaint fails to set forth an individual capacity claim against him which is cognizable under the doctrine of qualified immunity.

### I. PLAINTIFF'S COMPLAINT

Foundationally, a corrections officer cannot have consensual sexual relations with an inmate.[1] Plaintiff's Complaint and notes as a matter of record that she had sexual relations with Defendant Clayton Jones just over three years before filing suit resulting in his being convicted of a criminal offense. **DOC #1, ¶17-18.** Plaintiff alleges Sheriff Cantrell "created an unreasonable risk of harm for failing to adequately train and supervise" [the jailor who had non-consensual sex with Plaintiff]. Defendant would show that these mere allegations fail as a matter of law to survive qualified immunity.

---

[1] *Miss. Code Ann.* § 97-3-104 (Sex between law-enforcement or correctional officer or employee and offender).

## II. AUTHORITY

**A.	STANDARD:** The standard for addressing a motion for judgment on the pleadings under Rule 12(c) is the same as that for addressing a motion to dismiss under Rule 12(b)(6). **In re Great Lakes Dredge & Dock Co.**, 624 F.3d 201, 209–10 (5th Cir. 2010). Thus, to survive moving Defendant's Motion, Plaintiff's Complaint must provide the grounds for entitlement to relief—including factual allegations that when assumed to be true "raise a right to relief above the speculative level." Cuvillier v. Sullivan, 503 F.3d 397, 401 (5th Cir. 2007)(quoting **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 553-56 (2007)). The Complaint must allege "sufficient factual matter…to state a claim that is plausible on its face." *Id*. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 556. A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." **Ashcroft v. Iqbal**, 129 S. Ct. 1937, 1949-50 (2009).

**B.	QUALIFIED IMMUNITY:** Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." **Morris v. Dillard Dept. Stores, Inc**., 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." **Mangieri v. Clifton**, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly violate the law." **Malley v. Briggs**, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts should apply a two-part analysis. The

threshold question is "whether Plaintiff's allegations establish a constitutional violation." **Hope v. Pelzer**, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." **Saucier v. Katz**, 533 U.S. 194 (2001); see also **Pearson v. Callahan**, 129 S. Ct. 808 (2009)("order of battle" delineated in **Saucier** is no longer mandatory). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Id*. at 201. The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Id*. at 202.

The purpose of qualified immunity is to protect public officials from the "burden of fighting lawsuits which arise from the good-faith performance of their duties." **Wren v. Towe**, 130 F.3d 1154, 1159 (5th Cir. 1997). Thus, qualified immunity "is not just immunity from judgment, but rather, is immunity from all aspects of suit." **Jacques v. Procunier**, 801 F.2d 789, 791 (5th Cir. 1986). The qualified immunity issues in a case are "threshold" issues and must be dealt with as expeditiously as possible and prior to resolving non-immunity issues. See **Harlow v. Fitzgerald**, 102 S.Ct. 2727, 2728 (1982); see also L. U. Civ R. 16.1(B)(4).

To fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an official in his individual capacity. **Elliott v. Perez**, 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." **Wicks v. Mississippi State Employment Svcs**., 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense."

**Wicks**, 41 F.3d at 995; see also **Nunez v. Simms**, 341 F.3d 385 (5th Cir. 2003)(holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); **Foster v. City of Lake Jackson**, 28 F.3d 425 (5th Cir. 1994)(burden of negating qualified immunity defense lies with plaintiff). Plaintiff "cannot be allowed to rest on general characterizations, but must speak to the factual particulars of the alleged actions." **Floyd v. City of Kenner**, 351 Fed. Appx. 890, 893 (5th Cir. 2009)(citing **Schultea v. Wood**, 47 F.3d 1427, 1433-34 (5th Cir. 1995)). Furthermore, "[h]eightened pleading requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff's injury." **Reyes v. Sazan**, 168 F.3d 158, 161 (5th Cir. 1999). Plaintiffs' Complaint does not meet the heightened pleading standard.

  C. TRAINING

  To prevail on a "failure to train theory" a plaintiff must demonstrate: (1) that the municipality's training procedures were inadequate, (2) that the sheriff was deliberately indifferent in adopting its training policy, and (3) that the inadequate training policy directly caused the violations in question. **World Wide Street Preachers Fellowship v. Town of Columbia**, 591 F.3d 747, 756 (5th Cir. 2009) (citations omitted). The Fifth Circuit has held that when officers have received training as required by state law, the plaintiff must show that the legal minimum of training was inadequate. **Benavides v. County of Wilson**, 955 F.2d 968, 973 (5th Cir. 1992).

  D. SUPERVISION

  Under § 1983, a sheriff with no personal involvement in the conduct that led to the deprivation of a constitutional right is still liable if: (1) he failed to train or supervise the jail officers involved; (2) a causal connection exists between the sheriff's failure to train and the violation of the rights of the plaintiff; and (3) the sheriff's failure "constituted deliberate indifference to the plaintiff's

constitutional rights." **Thompson v. Upshur Cnty**, 245 F.3d 447, 459 (5th Cir. 2001) (citations omitted). Showing deliberate indifference is "an extraordinarily high burden". **Smith v. Turner**, 2008 U.S. Dist. LEXIS 101175 (N.D. Miss. Dec. 15, 2008). Yet, there is nothing here to indicate that Sheriff Cantrell knew of any such threat.

### III.  ARGUMENT

Here, Plaintiff wholly fails to provide substantive factual details specifying how Sheriff Cantrell directly participated in any alleged unconstitutional conduct. To the contrary, Plaintiff merely provides broad, conclusory and collective allegations. For example, Plaintiff did not alleged that the offending jailor lacked training that it is against the law to have sex with an inmate or that some prior series of events occurred to put the Sheriff on notice of a need for such training. Significantly, Plaintiff may not rely on collective allegations but, rather, must specify how each defendant was involved in the alleged unconstitutional conduct. See **Bivens v. Forrest Cnty**., No. 2:13-CV-8-KS-MTP, 2015 WL 1457529, at *7 (S.D. Miss. Mar. 30, 2015)(holding that "collective allegations" against multiple defendants are insufficient to meet the heightened pleading standard). Because Plaintiff has failed to meet the heightened pleadings standard, his federal claims against the individual defendants must be dismissed. In the alternative, this Court should order a Schultea Reply requiring Plaintiff to provide information sufficient to overcome each individual Defendant's qualified immunity defense. **Schultea v. Wood**, 47 F.3d 1427, 1433-34 (5th Cir. 1995).

**NOW, THEREFORE,** Defendant Sheriff Cantrell, individually, respectfully moves this Court to dismiss the instant complaint with prejudice pursuant to Rule 12(b)(6) & (c), *Fed. R. Civ. Proc.* In the alternative, this Court may order Plaintiff to file a Rule 7 **Schultea** Reply including information sufficient to not only demonstrate a constitutional violation against each defendant but

to overcome his assertion of qualified immunity.

**FILED** this the 3rd day of May, 2017.

                                  **JACKS | GRIFFITH | LUCIANO, P.A.**

                               By:   /s/ *Daniel J. Griffith*
                                    Daniel J. Griffith, MS Bar No. 8366
                                    Attorney for Defendants Monroe County, Monroe County Sheriffs Department and Sheriff Cecil Cantrell in his individual and official capacity as Sheriff of Monroe County

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
telephone: (662) 843-6171
facsimile: (662) 843-6176
cell: (662) 721-7323
dgriffith@jlpalaw.com
www.jlpalaw.com

## CERTIFICATE OF SERVICE

      I, Daniel J. Griffith, attorney of record for Defendants Monroe County and Sheriff Cecil Cantrell in his individual and official capacity as Sheriff of Monroe County, do hereby certify that I have this day caused a true and correct copy of the above and foregoing ***MEMORANDUM IN SUPPORT OF MOTION FOR QUALIFIED IMMUNITY*** to be delivered by the ECF Filing System which gave notice to all counsel of record.

Mark A. Cliett, MSB N 9950
Attorney at Law
P. O. Box 1463
West Point, MS 39773-1463
markacliett@gmail.com
*Attorney for Plaintiff*

**DATED** this 3rd day of May, 2017.

                                          /s/ ***Daniel J. Griffith***
                                            Daniel J. Griffith