IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRANDY DEGARIS                                                                                    PLAINTIFF

V.                                                                        CIVIL ACTION NO. 1:16-CV-239-SA-RP

MONROE COUNTY, MISSISSIPPI,
MONROE COUNTY SHERIFF'S DEPARTMENT,
SHERIFF CECIL CANTRELL, and
DEPUTY JAMES DOYLE ADAMS                                                               DEFENDANTS

MEMORANDUM OPINION

Brandy Degaris filed her Complaint [1] on December 27, 2016 alleging a single claim for a constitutional violation under 42 U.S.C. § 1983 against Monroe County, Mississippi, the Monroe County Sheriff's Department, Sheriff Cecil Cantrell in his official capacity, and Deputy James Doyle Adams.[1] Now before the Court are two motions to dismiss [20, 22] filed by the County Defendants. The Plaintiff did not file any response and the allotted time for doing so has expired, making these issues ripe for review. *See* L.U.Civ.R. 7(b)(3-4). The Plaintiff alleges that the Defendants violated her constitutional rights while she was incarcerated in the Monroe County Detention Center. In their Motion to Dismiss [20], the County Defendants argue that the Plaintiff's claim is time-barred by the statute of limitations, and request that the Court dismiss all claims against them under Federal Rule of Civil Procedure 12(c).[2]

---

[1] The official capacity suit against Sheriff Cantrell is a suit against the County as the real party in interest. *See Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (stating "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citation omitted)). For simplicity, the Court will refer the County, the Sheriff's Department, and the Sheriff, as the County Defendants.

[2] The County Defendants request relief under Rule 12(b)(6) or alternatively under Rule 12(c). Because the County Defendants filed their Answer [19] before filing their motions to dismiss, and Rule 12 clearly states that motions under 12(b)(6) "must be made before pleading," the Court construes their motions as made under Rule 12(c). Fed. R. Civ. P. 12(b).

*Discussion and Analysis*

This Court reviews a Rule 12(c) motion for judgment on the pleadings using the same standards applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Phillips v. City of Dallas*, 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Gentilello v. Rege*, 627 F.3d 540, 543–44 (5th Cir. 2010)). The complaint therefore, "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937).

The County Defendants argue that the Plaintiff failed to state a plausible claim for relief because the statute of limitations has run. "The length of the limitations period for a §1983 claim 'is determined by the general statute of limitations governing personal injuries in the forum state.'" *Balle v. Nueces Cty., Texas*, 690 F. App'x 847, 849 (5th Cir. 2017) (citing *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). In Mississippi, §1983 claims are subject to a three-year statute of limitations under §15-1-49 of the Mississippi Code. *Norwood v. City of Mendenhall, Miss.*, 630 F. App'x 245, 249 (5th Cir. 2015) (citing *Edmonds v. Oktibbeha Cty.*, 675 F.3d 911, 916 (5th Cir. 2012); MISS. CODE ANN. § 15–1–49). Although state law controls the statute of limitations in §1983 cases, "federal law governs when a §1983 claim accrues." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016); *Wallace v. Kato*, 549 U.S. 384, 388, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007). Under federal law, the limitations period begins to run "the moment the plaintiff becomes aware that she has suffered an injury or has sufficient information

to know that she has been injured." *Piotrowski*, 237 F.3d at 576; *see also Reg'l Transit Auth.*, 827 F.3d at 421.

The Plaintiff filed her complaint on December 27, 2016. In her complaint, the Plaintiff states that her injury occurred on December 24, 2013. It is apparent on the face of the Plaintiff's complaint that she filed outside of the three-year statute of limitations applicable in this case. *See Norwood*, 630 F. App'x at 249; *Edmonds*, 675 F.3d at 916; *see also Wallace*, 549 U.S. at 388, 127 S. Ct. 1091; *Reg'l Transit Auth.*, 827 F.3d at 421. The Plaintiff did not raise any evidence or argument for tolling the statute of limitations or argue that the statute of limitations has not otherwise run. Under the relevant statutes and precedent, the Court finds that it appears on the face of the pleadings in this case that the applicable statute of limitations has run, and that the Plaintiff's claim is time-barred.

*Conclusion*

The County Defendants' Motion to Dismiss [20] is GRANTED, and the all of the Plaintiff's claims against them are DISMISSED with prejudice. With all claims against them dismissed, the County Defendants' second pending Motion to Dismiss [22] is DENIED as MOOT.

SO ORDERED on this the 11th day of December, 2017.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE