IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

BRANDY DEGARIS                                                                       PLAINTIFF

V.                                              CIVIL ACTION NO. 1:16-CV-239-SA-RP

MONROE COUNTY, MISSISSIPPI,
MONROE COUNTY SHERIFF'S DEPARTMENT,
SHERIFF CECIL CANTRELL, and
DEPUTY JAMES DOYLE ADAMS                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

Brandy Degaris filed her Complaint [1] on December 27, 2016 alleging a single claim for a constitutional violation under 42 U.S.C. § 1983 against Monroe County, Mississippi, the Monroe County Sheriff's Department, Sheriff Cecil Cantrell in his official capacity, and Deputy James Doyle Adams.[1] The County Defendants filed two Motions to Dismiss [20, 22] raising various defenses. The Plaintiff did not respond.[2] The Court dismissed the Plaintiff's claim against the County Defendants finding it clear on the face of her complaint that her claim was time-barred by the statute of limitations. *See* Order [29], Memorandum Opinion [30].

The Plaintiff then filed the instant Motion to Set Aside [33], requesting that the Court set aside the dismissal of the County Defendants, arguing that the statute of limitations was tolled, and that her claims were timely filed. The County Defendants filed a Response [33] in opposition, and the Plaintiff failed to reply.[3]

---

[1] The official capacity suit against Sheriff Cantrell is a suit against the County as the real party in interest. *See Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (stating "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity.") (citing *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) (citation omitted)). The Court will refer the County, the Sheriff's Department, and the Sheriff, as the County Defendants.
[2] The Plaintiff did file an out of time Motion for Extension of Time. *See* Motion [25]. The Court denied the extension because the request was not timely filed under the local rules. *See* Order [26]. The Court further directed the Plaintiff to file a motion for leave to file an out of time response, provided specific directions for how to do so, and directed the Plaintiff to the specific, applicable local rules. *See* Order [26]. The Plaintiff failed to take any further action.
[3] The Plaintiff also failed to file brief along with the instant motion as is required by Local Uniform Civil Rule 7.

The Plaintiff now argues, for the first time, that the incident giving rise to her claim occurred on December 24, 2013 making the last day for her to file her claim Monday, December 26, 2016. The Plaintiff further argues that the statute of limitations was tolled until Tuesday December 27, 2016 due to the official observation of the Christmas holiday on Monday December 26, 2016. According to the Plaintiff, the Court Clerk's office was closed that Monday the 26th, and that in this Northern District, all initial filings must be filed as paper filings. The Plaintiff thus concludes that her Complaint, filed on Tuesday December 27, 2016 was timely filed.

The County Defendants respond by arguing first that the Plaintiff waived this argument by failing to respond to their motions to dismiss, and second, that although the Clerk's office was closed on Monday December 26, initial filings may be filed electronically at any time.

*Discussion and Analysis*

Under Fifth Circuit jurisprudence:

> A Rule 59(e) motion "calls into question the correctness of a judgment." This Court has held that such a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. Rather, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.

*Templet v. HydroChem, Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (alteration in original) (citations omitted); *see Anderson v. Morris*, No. 4:16-CV-101-DMB, 2018 WL 1546549, at *2 (N.D. Miss. Mar. 29, 2018).[4] "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence

---

[4] Although the Plaintiff fails to specify whether she is seeking relief under Federal Rule of Civil Procedure 59 or 60, her motion for reconsideration is appropriately considered under Rule 59(e) because it was filed within twenty-eight days of entry of the Court's December 11, 2017, order. See *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012) ("Because it was filed within the relevant time period, we consider [the] Rule 60(b)(5) motion as a motion to amend the judgment under Federal Rule of Civil Procedure 59(e).").

and cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (quotation marks omitted).

Under this standard, the Court finds that the Plaintiff waived her statute of limitations argument by failing to respond when the issue was raised by the County Defendants in their motions to dismiss. The Plaintiff does not provide any factual argument or excuse for why she did not respond to the motions to dismiss, and, as noted above, the Plaintiff again failed to reply to the Defendants arguments relative to the instant motion. Clearly, the Plaintiff's tolling argument both "could, and should have been made" before the Court ruled on the motions to dismiss.

The Court also notes that the Plaintiff fails to present any factual argument as to why she did not file her complaint within the statute of limitations, and the arguments that she does present are incorrect. It is correct that the Clerk's office was closed on Monday December 26, 2016. However, contrary to the Plaintiff's assertion, electronic filings, including initial filings, are mandatory in this district although the Clerk's office does continue to accept initial filings conventionally, in person and by mail.[5] Ironically, the Plaintiff filed the instant Motion on a holiday, Monday December 25, 2017.

The Court recognizes that this situation raises the issue of how the twenty-four hour availability of electronic filing and Federal Rule of Civil Procedure 6 work together. This issue is not directly addressed in the Federal Rules, nor has this issue been directly addressed in this Court. Because the Court finds above that this case turns on the issue of waiver and the Rule 59 standard, the Court declines to draw a hard line rule on the time-filing issue at this time. The Court does hold however, under the specific facts of this case, that the Plaintiff failed to raise a reasonable or

---

[5] *See Administrative Procedures for Electronic Case Filing*, available at www.msnd.uscourts.gov.

relevant factual basis for tolling. In this case, even a mechanical application of Rule 6 does not absolve the Plaintiff of her burden under the reconsideration standard.

*Deputy Adams*

Although the County Defendants were previously dismissed from this case, as explained above, Deputy Adams did not file a summary judgment motion, and thus remains a Defendant. After the Court dismissed the Plaintiff's claims against the County Defendants based on the statute of limitations, the Court entered an Order to Show Cause [31] directing the Plaintiff to respond and show why her claims against Adams are not also time-barred. The Plaintiff did respond but only reiterated her statute of limitations tolling argument discussed above. Therefore, the Court finds that the Plaintiff's claims against Defendant Adams are also time-barred, and he is dismissed from this case with prejudice.

*Conclusion*

For all of the reason fully discussed above, the Plaintiff's Motion to Set Aside [33] is DENIED. The Plaintiff's case against Defendant Adams is DISMISSED with prejudice as time-barred. With no claims or Defendants remaining, this CASE is DISMISSED with prejudice.

SO ORDERED on this the 1st day of June, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE